IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM MONCRIEF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cv167-MHT |
| | ) | (WO) |
| INLINE ELECTRIC SUPPLY | ) | |
| CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This cause is before the court on a joint motion to approve an agreement settling plaintiff William Moncrief's claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, against defendant Inline Electric Supply Co., Inc. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question). Moncrief having personally testified before and court and stated that he approves of the settlement, and for the following reasons, the court will approve the settlement agreement.

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).  The first exception requires supervision by the Secretary of Labor under 29 U.S.C. § 216(c); the second exception allows for settlement of claims for back wages under 29 U.S.C. § 216(b), if a court "scrutiniz[es] the settlement for fairness," and determines that it is a "fair and reasonable resolution of a bonda fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA

2

coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In this case, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of overtime hours worked by Moncrief. Moncrief's receipt of $ 22,108.00 for settling his FLSA claim provides him 80 % of his claimed overtime wages ($ 11,054.00) and 80 % in liquidated damages (also $ 11,054.00), after his compromise to apply a two-year statute of limitations rather than the three-year period that applies for willful FLSA violations. After hearing from Moncrief personally and after reviewing the settlement agreement, the court concludes that the settlement is a fair and reasonable resolution of these bona fide disputes.

The Eleventh Circuit Court of Appeals has further counseled (albeit in an unpublished and therefore non-binding opinion) that, in the contingency-fee context, a court reviewing an FLSA settlement must review "the

reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351 (11th Cir. Jan. 13, 2009). According to *Silva,* "[t]o turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee." *Id.* Reasonableness is determined by applying the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974): "(1) the time and labor required; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience,

**4**

reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242-43 (11th Cir. 2011) (citations omitted).

The settlement agreement provides that Moncrief will receive $ 22,108.00 for settling his FLSA claims, $ 9,428.85 of which is to be allocated to attorney's fees. This fee amounts to 42.6 % of the recovery for Moncrief's FLSA claims. At an on-the-record fairness hearing on November 17, 2017, counsel for Moncrief explained that this 42.6 % fee represents a lower amount than the original 45 % that Moncrief agreed to when retaining counsel. Moncrief's counsel further explained that his efforts in this case include fact-gathering, drafting the complaint, engaging in discovery, defending Moncrief in a deposition, and engaging in mediation. He calculated that the hourly rate charged to Moncrief based on the above contingency

fee amounts to $ 340.00. Counsel for both parties confirmed that 42.6 % is in the low- to mid-range of contingency fees charged for a FLSA action in the Middle District of Alabama; defense counsel further stated that the $ 340.00 rate did not exceed rates he has been awarded in this district on similar cases. In light of the parties' representations, and considering the *Johnson* factors, the court finds that the attorney's fee awarded in the parties' settlement agreement is fair and reasonable.

The court notes that the parties have separately settled Moncrief's breach-of-contract claims, and that there was fair consideration for the settlement of those claims. There is therefore no evidence of unfair and improper "use [of] an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Hogan v. Allstate Beverage Co., Inc.,* 821 F.Supp.2d 1274, 1284 (M.D. Ala. 2011) (Thompson, J.).

An appropriate judgment granting the parties' joint motion to approve settlement of the FLSA claim and dismissing this case in full will be entered.

DONE, this the 21st day of November, 2017.

　　　　　　　　　　　 /s/ Myron H. Thompson　
　　　　　　　　　 UNITED STATES DISTRICT JUDGE